**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ST. CLAIR BURDEN,<br>        Petitioner, | No. 3:11-cv-1036 (SRU) |
| v. | |
| UNITED STATES OF AMERICA,<br>        Respondent. | |

## RULING ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

In October 1999, a federal grand jury returned an indictment charging St. Clair Burden with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); possessing with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1); and using a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Because of the drug quantity and Burden's criminal history, if he had been convicted after trial and a second-offender information had been filed under 21 U.S.C. § 851, he would have faced a mandatory minimum sentence of twenty years in prison. Instead, on May 8, 2000, he pleaded guilty to being a felon in possession of a firearm and stipulated to his status as an armed career criminal pursuant to the enhanced-sentencing provisions of 18 U.S.C. § 924(c) and U.S.S.G. § 4D1.4. On July 27, 2000, I determined that his Guidelines range was 188 to 235 months of imprisonment, I departed downward and sentenced him to the mandatory minimum of 180 months of imprisonment, and I granted the government's motion to dismiss the other counts. Judgment entered on July 31, 2000. Burden never appealed his conviction or sentence, but nearly eleven years after his sentencing and the entry of judgment, on June 23, 2011, he submitted this motion to vacate his sentence under 28 U.S.C. § 2255.

The motion, however, is untimely. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") "had among its goals [the prevention of] undue delays in federal habeas review," *Wims v. United States*, 225 F.3d 186, 189 (2d Cir. 2000) (quotation omitted), and to that effect it imposed a one-year limitations period for section 2255 petitions. *See* 28 U.S.C. § 2255(f). That period is far exceeded in this case, and Burden makes no persuasive argument that it should be tolled. "Equitable tolling applies only in the rare and exceptional circumstance. In order to equitably toll the one-year period of limitations, [the petitioner] must show that extraordinary circumstances prevented him from filing his petition on time. In addition, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (quotations and citations omitted). Burden has not shown "rare and exceptional circumstances," let alone that such extraordinary circumstances prevented him from filing his petition—which is to say, that such circumstances *caused* the very long delay between the judgment of his conviction and his filing a habeas petition. *See Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) ("The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances."). Nor has he shown "reasonable diligence" throughout the period of delay.

Burden does not address the delay at all within his petition, but he claims in his reply to the government's opposition that his motion is timely under the fourth of section 2255's accrual dates: "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). He does not, however,

point to any "facts supporting [his] claim" that he discovered within the year prior to his petition, let alone any such facts that he could not have been discovered earlier through the exercise due diligence. Burden seems to suggest that the triggering event that should restart the limitations period is his discovery of useful caselaw, and indeed, the bulk of his petition is an argument under the Second Circuit's decision in *United States v. Savage*, 542 F.3d 959 (2d Cir. 2008). But even if I were to assume that *Savage* could apply retroactively[1] in this case—and either took the decision's date as the section 2255(f) triggering event, or equitably tolled the time prior to the decision—Burden's petition would still be untimely, having been filed several years after that decision.

Burden also argues that he is entitled to relief on the basis of "actual innocence," and indeed, the Supreme Court held in *McQuiggin v. Perkins* "that actual innocence, if proved, serves as a gateway through which a petitioner may pass" the impediment of an expired statute of limitations. 133 S. Ct. 1924, 1928 (2013). The Court cautioned, however, "that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (*quoting Schlup v. Delo*,

---

[1] Section 2255(f)(3) allows that the new recognition of a right by the Supreme Court, if made retroactively applicable to cases on collateral review, can start a new one-year statute of limitations on petitions under that section. *Savage* does not establish a newly recognized right, and it is not a decision of the Supreme Court. The Second Circuit has addressed whether *Savage* should be applied retroactively in the context of supervised-release revocation—albeit not in the *habeas* context—and concluded that it should not. *United States v. Ortiz*, 779 F.3d 176, 181 (2d Cir. 2015) (per curiam). Still more significantly, the Second Circuit affirmed the denial of a section 2255 petition that argued counsel was ineffective for failing to anticipate *Savage*, holding that "[t]hough the bedrock elements of the argument that would comprise the disposition in *Savage* were available to [the petitioner's] counsel at the time of sentencing, counsel acted reasonably in relying on the law as it then stood." *Tellado v. United States*, 745 F.3d 48, 55 (2d Cir. 2014), *cert. denied*, 135 S. Ct. 125 (2014).

513 U.S. 298, 329 (1995)). But Burden does not argue that he is actually innocent of the underlying conduct to which he pleaded guilty—only that his prior convictions are legally insufficient for the career-offender enhancement—and even if he were so arguing, he points to no new evidence and does not approach the very high bar for showing actual innocence.

Lastly, Burden asserts (in forms accompanying his petition, though he does not develop an argument within the petition itself) that his counsel in plea negotiations was unconstitutionally ineffective. Even if his petition were not time-barred, that claim would fail. For it to succeed, Burden would need to demonstrate that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment," and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The mere chance that a particular deficiency might have prejudiced him is not enough. Rather, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Burden does not argue with specificity that any particular conduct of his counsel constituted such error, except perhaps failing to anticipate the Second Circuit's decision in *Savage*. But that decision was issued eight years after Burden's criminal judgment entered, and counsel is not required, in order to provide effective assistance, "to forecast changes or advances in the law." *Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001); *see also Strickland*, 466 U.S. at 689 (a reviewing court should "not view the challenged conduct through the distorting lens of hindsight but from counsel's perspective at the time." (quotations omitted)). The Second Circuit has moreover rejected the argument that failing to anticipate *Savage* constitutes ineffective assistance of counsel. *See Tellado v. United States*, 745 F.3d 48, 55 (2d Cir. 2014), *cert. denied*, 135 S. Ct. 125 (2014)

(holding that despite the elements for a *Savage* argument being available at a pre-*Savage* sentencing, "counsel acted reasonably in relying on the law as it then stood."). Thus, Burden has not raised a plausible claim that his counsel was ineffective.

Because Burden's petition is time-barred, because he has not met his burden to show that equitable tolling should be applied, and moreover because, even if he were entitled to tolling, his arguments are not meritorious, his petition and his motion for judgment of acquittal (doc. # 3) are denied. He has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and accordingly, a certificate of appealability will not issue. *See also United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997). The Clerk shall enter judgment and close the file.

So ordered.

Dated at Bridgeport, Connecticut, this 23rd day of June 2015.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge